# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| EDUARDO CARBALLO, II, | DOCKET NUMBER |
| Appellant, | AT-1221-21-0510-W-1 |
| v. | |
| SMALL BUSINESS | DATE: April 2, 2024 |
| ADMINISTRATION, | |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Anita M. Chambers, Esquire, and Scott Oswald, Esquire, Washington, D.C., for the appellant.

Bryan Upshur, Esquire, Claudine Landry, Esquire, and Jeanne Louise Heiser, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in his individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the second *Carr* factor, i.e., motive to retaliate, weighs in favor of the appellant, and the third *Carr* factor, i.e., comparator evidence, cannot weigh in favor of the agency, we AFFIRM the initial decision.

## BACKGROUND

The appellant is a GS-14 Deputy District Director in the agency's Georgia office. Initial Appeal File (IAF), Tab 6 at 79-80, 93. On April 21, 2020, the appellant disclosed to M.V.,[2] the Associate Administrator of the Office of Federal Operations (OFO), and V.P., the Deputy Associate Administrator of OFO, that his second-line supervisor (supervisor), who was the Region IV Administrator, was engaging in prohibited personnel practices. Hearing Transcript (HT) at 274-76 (testimony of the appellant). Specifically, the appellant told M.V. and V.P. that his supervisor promised the appellant that, if he accepted a detail to the North Florida office, then his supervisor would "do everything in his power" to ensure that the appellant was permanently made the District Director of that office, so long as the supervisor was able to "pick" the appellant's deputy. HT at 275 (testimony of the appellant). The appellant also

[2] Due to the number of individuals involved in this matter, we refer to the individuals using their initials to minimize confusion.

reported that his supervisor had a "pattern" of using the Schedule A hiring authority to circumvent the competitive hiring process to select an individual of his choosing, usually one whom he knew personally or who was aligned with his political preference.[3]  HT at 274-76 (testimony of the appellant); IAF, Tab 20 at 165.

On December 1, 2020, the appellant elevated his concerns in an email to J.C., the agency Administrator, and E.H., the agency's Chief Human Capital Officer, specifically mentioning that he had reported his concerns to the agency months prior.  IAF, Tab 20 at 164-66.  The appellant also explained that he was concerned that his disclosures would prevent him from getting the New Hampshire District Director position, particularly because the Regional Administrator for the area including New Hampshire, W.D., told the appellant after his interview that he (W.D.) had spoken to the supervisor about the appellant.  *Id*.

On December 18, 2020, the appellant learned that he was not selected for the New Hampshire position, and instead, the agency selected A.B., who was the Maine District Director.  *Id*. at 189, 191-92.  Subsequently, in February 2021, the agency posted vacancy announcements for the Maine and North Carolina District Director positions.  *Id*. at 125-32, 138-45.  In April 2021, the agency selected D.S. for the Maine position, and in May 2021, the agency selected M.A. for the North Carolina position.  *Id*. at 57, 59.

The appellant filed a complaint with the Office of Special Counsel (OSC), alleging that the agency retaliated against him for making protected disclosures by not selecting him for the Maine, New Hampshire, or North Carolina positions. IAF, Tab 6 at 75-94.  After 120 days passed, the appellant filed an IRA appeal with the Board, IAF, Tab 1, and the administrative judge issued a jurisdictional order setting forth the applicable legal standard, and providing the appellant with an opportunity to produce evidence and argument establishing that he exhausted

---

[3] The supervisor left the agency in September 2020.  HT at 150-51 (testimony of M.V.).

his administrative remedies[4] and made a nonfrivolous allegation that his protected disclosures were a contributing factor in the alleged personnel actions, IAF, Tab 3. The appellant responded to the order, IAF, Tab 6, and the administrative judge issued an order finding that the appellant had exhausted his administrative remedies, made a nonfrivolous allegation that he made protected disclosures on April 21 and December 1, 2020, and that the Board had jurisdiction over the 3 nonselections,[5] IAF, Tab 10, Tab 19 at 2-3.

After holding a hearing, the administrative judge issued an initial decision denying the appellant's request for corrective action. IAF, Tab 46, Initial Decision (ID). First, the administrative judge found that the appellant made protected disclosures on April 21 and December 1, 2020 because, based on the evidence, a person in his position, with the essential facts known, could reasonably conclude that his disclosures concerning improper hiring practices evidenced the type of wrongdoing specified in 5 U.S.C. § 2302(b)(8)(A). ID at 8-15. Next, she found that that the appellant satisfied the contributing factor standard because the agency officials involved in the nonselections had knowledge of his protected disclosures, and the 3 nonselections occurred within 2 years of his disclosures. ID at 15-16. Then, analyzing the three *Carr* factors, i.e.,

---

[4] After issuance of the initial decision, the Board clarified that an appellant meets the substantive requirements of exhaustion when he provides OSC with "sufficient basis" to pursue an investigation. *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 7; *see Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 10-11. Thus, the administrative judge's statement that, to prove exhaustion, the appellant must establish that he informed OSC of the "precise grounds" of his claim, was inaccurate. IAF, Tab 3 at 2, Tab 10 at 3, Tab 19 at 3. However, because the administrative judge correctly found that the appellant exhausted his administrative remedies, ID at 7, IAF, Tab 10 at 2-3, Tab 19 at 2-3, the error did not prejudice the appellant's substantive rights, *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis to reverse an initial decision).

[5] Initially, the administrative judge found that the appellant did not exhaust his administrative remedies with respect to his December 1, 2020 email. IAF, Tab 10 at 2-3. However, after the appellant requested reconsideration of the ruling, the administrative judge found that he had exhausted his administrative remedies with OSC with respect to the December 1, 2020 email. IAF, Tab 19 at 2-3.

strength of the agency's evidence (*Carr* factor 1), motive to retaliate (*Carr* factor 2), and comparator evidence (*Carr* factor 3), the administrative judge found that the agency produced strong evidence in support of its actions, the agency officials had a weak motive to retaliate, and other non-whistleblowers were not selected for the positions. ID at 16-23. Accordingly, she found that the agency established by clear and convincing evidence that it would have made the same decisions even in the absence of the appellant's whistleblowing, and she denied the appellant's request for corrective action. ID at 23-24.

The appellant filed a petition for review, arguing, among other things, that the administrative judge failed to properly assess the credibility of witness testimony, and that, contrary to the administrative judge's finding, V.P. and others involved in the selection process had a motive to retaliate against him.[6] Petition for Review (PFR) File, Tab 1 at 17-26.

## DISCUSSION OF ARGUMENTS ON REVIEW

Under the Whistleblower Protection Enhancement Act of 2012, after the appellant makes a nonfrivolous allegation of jurisdiction, he must prove by preponderant evidence that (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D) and; (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Salerno v. Department of*

---

[6] On review, the appellant also argues that the administrative judge abused her discretion because she denied his request for his supervisor to be a witness. PFR File, Tab 1 at 26-27; IAF, Tab 35 at 6. An administrative judge has wide discretion under the Board's regulations to exclude witnesses when it has not been shown that their testimony would be relevant, material, and nonrepetitious. *Franco v. U.S. Postal Service*, 27 M.S.P.R. 322, 325 (1985); *see* 5 C.F.R. § 1201.41(b)(8), (10). Absent a conclusory statement that this witness was "highly relevant," the appellant has failed to present any evidence that his supervisor's testimony is material to the issues at hand, especially given that the supervisor left the agency several months before the nonselections. PFR File, Tab 1 at 26-27; HT at 150-51 (testimony of M.V.). Accordingly, the appellant has not shown that the administrative judge abused her discretion.

*the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). If the appellant proves that his protected disclosure or activity was a contributing factor in a personnel action taken against him, the agency is then given the opportunity to prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected disclosure. *Id*.; *see* 5 U.S.C. § 1221(e). In determining whether an agency has met its burden, the Board will consider all relevant factors, including the following: (1) the strength of agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who do not engage in such protected activity, but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999); *see Duggan v. Department of Defense*, 883 F.3d 842, 846 (9th Cir. 2018); *Soto v. Department of Veterans Affairs*, 2022 MSPB 6, ¶ 11.

Neither party disputes the administrative judge's finding that the appellant made protected disclosures on April 21 and December 1, 2020, which was a contributing factor in the agency's failure to select him for the New Hampshire, Maine, and North Carolina positions. ID at 8-16. Accordingly, we focus on the issue in dispute, i.e., whether the agency met its clear and convincing burden, and specifically, the second and third *Carr* factors.

As discussed below, we modify the initial decision to find that the agency officials involved in the three nonselections had at least some professional motive to retaliate, and thus, contrary to the administrative judge's findings, the second *Carr* factor weighs in favor of the appellant. We also modify the initial decision to find that, because the agency failed to produce any comparator evidence, the third *Carr* factor cannot weigh in the agency's favor. Because we are modifying the findings regarding the second and third *Carr* factors, we begin with a discussion of those factors, and then conclude with a discussion of the first *Carr*

factor, finding nevertheless that the agency met its overall burden because the strength of the agency's evidence outweighs the other factors.

The second *Carr* factor weighs in favor of the appellant.

In the initial decision, the administrative judge found that the second *Carr* factor weighed in favor of the agency because the agency officials involved in making the selections had a weak motive to retaliate. ID at 18-20, 22-23. Specifically, she found that although J.C., who was the selecting official for New Hampshire position, was a recipient of the appellant's December 1, 2020 disclosure, there was no evidence that she influenced any of the other individuals involved in the selection process. ID at 18-19. She also found that the recommending official for the New Hampshire position, W.D., had a weak motive to retaliate because according to his testimony, he did not speak to the appellant's supervisor about the appellant or his complaints, and the panelists did not discuss his complaints during the selection process. ID at 19-20. With regard to the Maine and North Carolina positions, the administrative judge found that the selecting official, V.P., had a weak motive to retaliate, relying in part on his testimony in which he claimed that he did not recall much of the appellant's April 21, 2020 disclosure, but he did not "negatively consider the concerns" raised by the appellant and he would have made the same selections regardless. ID at 22-23. Thus, the administrative judge found that the second *Carr* factor weighed in favor of the agency. ID at 18-20, 22-23. On review, the appellant argues that the agency officials involved in his nonselections had motive to retaliate against him. PFR File, Tab 1 at 21-26. He also challenged the administrative judge's credibility determinations, specifically with respect to the testimony of W.D.[7] *Id*. at 17-19.

---

[7] The appellant alleges that it was retaliatory for M.V. and V.P. not to place him in the Maine position using the 30% or More Disabled Veteran Hiring Authority. PFR File, Tab 1 at 19-24. To the extent that the appellant argues that M.V.'s testimony was inconsistent because he wanted to use a special authority to hire an individual with political connections but would not use a special authority to place him in the same position, *id*. at 10, 20-22, M.V. was not obligated to use a special authority to place the

The U.S. Court of Appeals for the Federal Circuit has instructed that the Board take a liberal approach with the second *Carr* factor. For instance, in *Whitmore v. Department of Labor*, 680 F.3d 1353, 1370 (Fed. Cir. 2012), the court stated, "[t]hose responsible for the agency's performance overall may well be motivated to retaliate even if they are not directly implicated by the disclosures, and even if they do not know the whistleblower personally, as the criticism reflects on them in their capacities as managers and employees." The court in *Whitmore* determined that, when a whistleblower makes highly critical accusations of an agency's conduct that draws the attention of high-level agency managers, the fact that an agency official is "outside the whistleblower's chain of command, not directly involved in alleged retaliatory actions, and not personally named in the whistleblower's disclosure is insufficient to remove the possibility of a retaliatory motive or retaliatory influence," and that the Board should consider any motive to retaliate on the part of the agency official who ordered the action, as well as that of any officials who influenced the action. *Id*. at 1371.

Similarly, in *Miller v. Department of Justice*, 842 F.3d 1252, 1261-62 (Fed. Cir. 2016), the court instructed the Board not to limit its consideration of a motive to retaliate to the appellant's supervisors, but to examine whether a retaliatory motive could be imputed more broadly to other officials or entities involved in the decision. For instance, in *Robinson v. Department of Veterans Affairs*, 923 F.3d 1004, 1019 (Fed. Cir. 2019), the court found that, although the deciding official did not have a personal motive to retaliate against the appellant for contradicting an agency Under Secretary, the administrative judge erred by failing to consider whether he had a "professional retaliatory motive" against the appellant because his disclosures "implicated the capabilities, performance, and veracity of [agency] managers and employees."

_____

appellant in the position. Furthermore, as the individual in question was not selected, we do not see the relevance of this argument.

Therefore, in line with applicable precedent, we find there is some evidence of a professional retaliatory motive on the part of the agency officials. First, V.P., who was the selecting official for the Maine and North Carolina positions, and J.C., who was the selecting official for the New Hampshire position, were the direct recipients of the appellant's disclosures. IAF, Tab 20 at 164-66; HT at 274-76 (testimony of the appellant). Additionally, the recommending official for the New Hampshire position, W.D., had knowledge of the appellant's disclosures because he spoke to the appellant's supervisor about the appellant and his complaints, even though he claimed to have had no discussions with the panelists regarding the same.[8] HT at 23-25 (testimony of W.D.). Furthermore, the nature of the appellant's disclosures could damage the agency's reputation, as the appellant implicated a political appointee, a Regional Administrator, and accused him of misusing his position and circumventing competitive hiring practices in order to select candidates whom he knew personally or who aligned with his political preferences. HT at 274-76 (testimony of the appellant); IAF, Tab 20 at 165. The appellant also escalated his concerns over the heads of M.V. and V.P., to the Administrator, J.C., and Chief Human Capital Officer, E.H, creating more opportunity for embarrassment. IAF, Tab 20 at 164-66.

In conclusion, we acknowledge that the agency officials may have had some motive to retaliate, even if they were not directly implicated by the appellant's disclosures, to the extent that any criticism reflected on them or others

---

[8] In his testimony, W.D. accepted that he had told an equal employment opportunity (EEO) investigator that he had spoken to the appellant's supervisor about the appellant's complaints, based on a summary of the investigator's interview as read into the record by the appellant's attorney. HT at 23-25 (testimony of W.D.). The record does not contain a copy of this EEO summary. While the appellant has alleged that W.D.'s hearing testimony was inconsistent with his statements to the EEO counselor, because he testified at the hearing that he did not recall speaking to the supervisor about the appellant, this is not an accurate characterization. PFR File, Tab 1 at 18. Instead, W.D. testified at the hearing that while he did not "recall" speaking to the supervisor about the appellant, it "[did not] mean it never came up." HT at 9 (testimony of W.D.).

in their capacities as agency managers and employees. We find that the evidence demonstrates that there is some evidence of a professional retaliatory motive,and that the second *Carr* factor weighs in favor of the appellant, and we modify the initial decision accordingly.

The third *Carr* factor cannot weigh in favor of the agency.

In the initial decision, the administrative judge provided a bare analysis of the third *Carr* factor, stating that there was minimal pertinent evidence in the record but that there were other candidates who were not whistleblowers who were also not selected for the positions. ID at 20, 22-23. However, it does not appear that the agency put forth any evidence regarding the third *Carr* factor.[9] *Id.* The agency carries the burden of proving by clear and convincing evidence that the same action would have been taken absent the whistleblowing. *Whitmore*, 680 F.3d at 1374. Because it is the agency's burden of proof, when the agency fails to introduce relevant comparator evidence, the third *Carr* factor cannot weigh in favor of the agency. *Smith v. General Services Administration*, 930 F.3d 1359, 1367 (Fed. Cir. 2019); *Siler v. Environmental Protection Agency*, 908 F.3d 1291, 1299 (Fed. Cir. 2018). Thus, we modify the initial decision to find that, because the agency did not produce sufficient comparator evidence, the third *Carr* factor cannot weigh in the agency's favor, and if anything, cuts slightly against it.

The agency met the clear and convincing evidence standard because the strength of the first *Carr* factor outweighs the other factors.

Even though the second *Carr* factor weighs in favor of the appellant, and the third *Carr* factor cannot weigh in favor of the agency, we find, as the administrative judge did, that the strength of the agency's evidence in support of its selections, i.e., the first *Carr* factor, weighs strongly in favor of the agency.

---

[9] The administrative judge cited to the certificate of eligibles, which does not contain any information regarding whether the candidates engaged in whistleblowing activities. ID at 20, 22-23; IAF, Tab 20 at 112-13, 119-20. Thus, it is unclear what basis the administrative judge had for finding that there were other candidates not selected for the positions who were not whistleblowers.

ID at 17-18, 20-23.  For instance, the agency's selectee for the New Hampshire position, A.B., has been with the agency for over 30 years, was the New Hampshire Deputy District Director for 6 years, and served as the Maine District Director for approximately 4 years prior to this selection. IAF, Tab 20 at 418-423.  In contrast, at the time of the selection, the appellant had been with the agency for just over 4 years, had been the Georgia Deputy District Director for approximately 2 years, and had never been a District Director.  *Id*. at 378-382.  Furthermore, the interview panel for this position— W.D., the Philadelphia District Director, and the Pittsburgh District Director— all agreed not to advance the appellant to the second round of interviews. HT at 13-17 (testimony of W.D.), 289 (testimony of the appellant).  Furthermore, the interview panel ranked A.B. the highest out of the three finalists.[10] IAF, Tab 20 at 197-98, 222-24; HT at 16-17 (testimony of W.D.).

Similarly, the Maine selectee, D.S., had more relevant experience than the appellant, including approximately 9 years of service with the agency and approximately 7 years as the office's Deputy District Director, and had acted as District Director on for almost 4 years.  IAF, Tab 20 at 385-87.   D.S. also had a background in banking, and longstanding relationships in the Maine economic and business markets.   *Id*.; HT at 104-05 (testimony of V.P).   Furthermore, multiple individuals involved in the interviewing process, including the Director of the Office of the HUBZone Program, an agency attorney, and the Columbus and New Mexico District Directors, all ranked D.S. as the top candidate. IAF, Tab 20 at 83-84, 106-107, 109-110, 115; HT at 98-99, 102 (testimony of V.P.).  Apart from V.P., who was the selecting official, there is no evidence that any of the other individuals involved in the selection process had any connection to the appellant's allegations of wrongdoing, or was aware of his disclosures.

---

[10] W.D. recommended that J.C. select another candidate over both the appellant and A.B.  IAF, Tab 20 at 197-99.  As a result, M.V. recommended that the selecting official, J.C., speak to all candidates before making a selection.  *Id*.  Regardless of W.D.'s recommendation, the agency selected A.B.  *Id*. at 189.

Finally, the selectee for the North Carolina position, M.A., also had more relevant experience than the appellant, as he has been employed by the agency for over 24 years, served as the North Carolina Deputy Director for approximately 7 years, and acted as District Director.  IAF, Tab 20 at 434-437.  Additionally, all of the panelists for this position, including the Wyoming, St. Louis, and New York District Directors, and the acting Region IV Administrator, rated M.A. as the top candidate for this position.  *Id*. at 61-64, 66-69, 91-99.  There is no evidence that any of these individuals, besides the selecting official, had any connection to the appellant's allegations of wrongdoing, or was aware of his disclosures.

Therefore, the record establishes that panelists, who apart from W.D. had no connection to the appellant's whistleblowing, independently determined that the individuals the agency selected for each position were the best candidates.  Such evidence is very persuasive, and supports a finding that the agency did, in fact, select the most qualified individual for each position.  Thus, as the administrative judge correctly noted, while the appellant's resume may be impressive, the agency put forth strong evidentiary support for its selections and the first *Carr* factor weighs heavily in its favor.  ID at 20, 22-23.  Accordingly, the first *Carr* factors outweighs the other factors, and we find that the agency established by clear and convincing evidence that it would have made the same decisions even absent the appellant's whistleblowing.

## NOTICE OF APPEAL RIGHTS[11]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate

---

[11] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[12]  The court of appeals must <u>receive</u> your petition for

---

[12]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:  _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.